IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK SHAFFER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| LEASING ENTERPRISES, LTD., | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

**A.    Summary**

1.    Plaintiff, Mark Shaffer brings this collective action against Defendant Leasing Enterprises, Limited, d/b/a Perry's Restaurant, L.L.C., because Defendant failed to pay the minimum wage required by the Fair Labor Standards Act (FLSA), 29 U.S.C. Section 201 *et seq*. Indeed, Defendant is violating the FLSA's minimum wage provision in multiple ways. For example, Defendant is failing to adhere to the "tip credit" requirements contained in Section 3(m) of the FLSA. 29 U.S.C. § 203(m). Defendant is also failing to remit to its tipped employees their net tips received after converting to cash all tips left through credit card and debit cards. Accordingly, the Plaintiff is entitled to his unpaid minimum wages, liquidated damages, attorney's fees and costs.

**B.    Jurisdiction and Venue**

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.    Venue is proper in the Western District of Texas – San Antonio Division because all, or a substantial part, of the acts and conduct charged herein occurred in this district.

## C. The Parties

4. Mark Shaffer is a resident of Bexar County, Texas. He is a covered employee of Defendant within the meaning of the FLSA. His consent is attached as Exhibit 1.

5. The class of similarly situated employees consists of all persons, during the period November 22, 2013 to the present that Defendant charged a fee for converting their tips into cash or for whom Defendant claimed a tip credit. These similarly situated persons are referred to as the "Members of the Class" or "the Class."

6. Defendant Leasing Enterprises, Ltd., is a Texas limited partnership doing business in the Western District of Texas in Austin, San Antonio, and throughout Texas. Its principal place of business is 1051 Pineloch Drive, Suite 800, Houston, Texas 77062. It is an enterprise engaged in commerce which acted in the interest of an employer with respect to the Plaintiff and the Members of the Class. It may be served with process through its attorney of record, Lionel M. Schooler, Jackson Walker, L.L.P., 1401 McKinney, Suite 1900, Houston, Texas 77010.

7. Defendant Leasing Enterprises, Ltd. is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because its annual gross volume of sales exceeds $500,000 and its employees (including Plaintiff and the Class) handle goods (such as food and beverages) that have been moved in or been produced in commerce. 29 U.S.C § 203(s)(1).

## D. Wage Claim Allegations

8. Defendant owns and operates restaurants in Travis County, Bexar County, and surrounding counties in the Western District of Texas, and throughout Texas. These restaurants are called "Perry's Steakhouse & Grille," "Perry & Sons Market & Grille" and "Perry's Italian Grille." Defendant employed the Plaintiff as a waiter and server at its restaurants. Defendant did

2

not pay the Plaintiff the required minimum wage, but the Plaintiff regularly received tips as part of his total compensation.

9. The required minimum wage has been $7.25 per hour since July 24, 2009. Defendant was required to pay its nonexempt employees the minimum wage, except to the extent that all tips received by the employees are retained by the employees. 29 U.S.C. § 203(m). One exception to this requirement allows employers to require its tipped employees to contribute to a tip pool, provided that the proceeds of the tip pool are shared only with employees who customarily and regularly receive tips. *Id.* Another exception allows employers to deduct from the amount of tips given to their employees by credit card the charge paid by the employer to convert those tips into cash, so long as the employer remits to its employees their net tips after the conversion.

10. As tipped employees, Defendant's employees could only be required to contribute to a "tip pool" from which other customarily tipped employees would draw. 29 U.S.C. § 203(m). Defendant required the Plaintiff to contribute a portion of his tips to a "tip pool"; these contributions were not voluntary. Some of the pooled funds did not go to employees who customarily and regularly receive tips. For example, the Plaintiff was required to contribute tips to a "banquet coordinator," who had little to no customer interaction and/or did not perform customer service functions. The Plaintiff was also required to tip out employees who were not on shift at all. For these and other reasons, Defendant violated the tip credit requirements of Section 203(m) of the FLSA and is not entitled to the "tip credit" for the Plaintiff's wages.

11. Defendant's policy or practice of requiring its waiters and servers to pay a portion of their tips to ineligible persons and/or the house was and is in violation of the FLSA.

Defendant knew or should have known that its policy or practice violated the FLSA. Defendant nonetheless willfully violated the minimum wage provisions of the FLSA.

12. Defendant also deducted from the amount of tips given to its employees by credit card or debit card a fee that exceeded the charge it paid to credit card and debit card companies or banks to convert those tips into cash. Defendant therefore did not remit to its tipped employees their net tips after converting them to cash.

13. Defendant's policy or practice of charging its tipped employees a fee that exceeded the charge that it paid to convert tips left by credit card or debit card into cash was and is in violation of the FLSA. Defendant knew or should have known that its policy or practice violated the FLSA. Defendant nonetheless willfully violated the minimum wage provisions of the FLSA.

E. **Collective Action Allegations**

14. In addition to the Plaintiff, other waiters and servers were required by Defendant to participate in the invalid "tip pool."

15. These waiters and servers performed job duties which were similar to those performed by the Plaintiff, such as serving food and drinks to Defendant's patrons.

16. Like the Plaintiff, these waiters and servers were paid less than the minimum wage by Defendant and were required to participate in an invalid "tip pool."

17. Like the Plaintiff, Defendant charged these waiters and servers a fee for converting to cash tips left by credit card or debit card that exceeded the charge paid by the Defendant to convert these tips to cash.

18. Because its "tip pool" fails to meet the requirements of FLSA Section 3(m) and it did not remit to its tipped employees their net tips received after converting them to cash,

Defendant is not entitled to a tip credit for any of the waiters and servers who participated in the "tip pool" and/or received tips by credit card or debit card. Therefore, like the Plaintiff, these waiters and servers were and are entitled to at least the minimum wage for each hour worked.

19.     Because Defendant's "tip pool" and credit card/debit card fee policies result in these similarly situated workers receiving less than the minimum wage, notice of this collective action is appropriately sent to:

> "All current and former waiters and servers employed by Leasing Enterprises, Ltd. for whom Leasing Enterprises, Ltd. took a tip credit in the past three years."

### F.     Cause of Action for Failure to Pay Minimum Wage

20.     Plaintiff incorporates herein the allegations contained in paragraphs 1 through 20.

21.     Defendant's practices of requiring the Plaintiff and the Members of the Class to pay a portion of their tips to ineligible persons and/or the house and charging them a fee to convert to cash tips that they received by credit card and debit card that exceeded the fee it paid to credit card and debit card companies or banks for this conversion were and are in violation of the FLSA. 29 U.S.C. § 203(m). Accordingly, the Plaintiff and the Members of the Class are entitled to the minimum wage for each hour worked, to the amounts they were required to tip-out to the illegal "tip pool," and the excess conversion fee charge that Defendant levied upon them.

22.     A lawsuit was filed in the Southern District of Texas on August 28, 2009 as Cause No. 4:09-cv-02789 against the Defendant for the same practices alleged in this Complaint for the time period of December 15, 2010 through January 17, 2013. Finding of Fact and Conclusions of Law from that case are attached as Exhibit 2. A second lawsuit was filed in the Western District of Texas (Austin Division) on August 20, 2014, as cause number 1:14-cv-00798 for the same practices alleged in this Complaint. Defendant has continued their violations of the FLSA,

further demonstrating the willfulness on their part.

**G.    Damages**

23.    As a direct and proximate result of the Defendant's conduct, Plaintiff suffered the following injuries and damages:

    a.    Actual damages;

    b.    Liquidated damages in an amount equivalent to actual damages;

    c.    All reasonable and necessary attorneys' fees; and

    d.    All reasonable and necessary costs incurred in pursuing this lawsuit.

**H.    Attorney Fees & Costs**

24.    Plaintiff is entitled to an award of attorney fees and costs under 29 U.S.C. § 216(b).

**I.    Jury Demand**

25.    Plaintiff hereby demands a trial by jury.

**J.    Prayer**

26.    Plaintiff respectfully requests that judgment be entered against Defendant, Leasing Enterprises, Ltd. awarding them and all similarly situated employees:

    a.    minimum wage for each hour worked;

    b.    wages equal to the amount they were required to tip-out to ineligible persons and/or the house;

    c.    wages equal to the amount that Defendant charged them to convert their tips to cash that exceeded the amount that Defendant paid for this conversion;

    d.    an equal amount as liquidated damages as allowed under the FLSA;

e. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA; and

f. such other and further relief as may be required by law.

Respectfully submitted,

**STEELE LAW GROUP, PLLC**

*/s/ Howard L. Steele, Jr.*
Howard L. Steele, Jr.
Texas Bar No. 24002999
Federal Bar No. 21615
500 Dallas, Suite 3440
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]
hsteele@steele-law-group.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF