IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK SHAFFER, ET AL., | § § § | |
| *Plaintiffs,* | § § | SA-16-CV-01193-FB |
| vs. | § § § | |
| PERRY'S RESTAURANTS, LTD., F/K/A LEASING ENTERPRISES, LTD.; | § § § § | |
| *Defendant.* | § § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant's Motion for Partial Summary Judgment on the Issue of Willfulness [#82]. In issuing this report and recommendation, the undersigned has also reviewed Plaintiffs' Response to Defendant's Partial Motion for Summary Judgment [#96], Defendant's Objection to Plaintiff's Summary Judgment Evidence (Frasier Declaration) [#99], Defendant's Reply to Plaintiffs' Response to Defendant's Motion for Partial Summary Judgment on the Issue of Willfulness [#100], and Defendant's Notice to the Court Regarding Austin Lawsuit Ruling on Willfulness [#101].

All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#5]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendant's Motion for Partial Summary Judgment on the Issue of Willfulness [#82] be **GRANTED**.

## I. Procedural and Factual Background

This is a collective action arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Plaintiffs Mark Shaffer filed his Original Collective Action Complaint on November 22, 2016, against Defendant Perry's Restaurants, Ltd. f/k/a Leasing Enterprises, Ltd. (hereinafter "Perry's"), alleging that Perry's failed to pay him and other similarly situated employees the minimum wage required by law by violating the "tip credit" requirements of Section 203(m) of the FLSA, 28 U.S.C. § 203(m). (Orig. Compl. [#1].) Plaintiffs are a class of current and former tipped servers who were employed by Perry's from November 22, 2013 to the present and who were subjected to Perry's tip-fee policy, exclusive of those employed in Colorado. (Class Cert. Order [#49] at 17.) After Plaintiffs amended their Complaint to add a new allegation that Perry's violated the 20% rule,[1] the Court certified a sub-class comprised of all current and former nonexempt employees paid $2.13 an hour for performing dual jobs between September 8, 2014 and September 8, 2017. (Class Cert. Order [#77] at 7.)

Perry's tip-fee policy is explained in various affidavits contained in the summary judgment record. The undisputed record before the Court establishes that Perry's instituted a procedure in 2003 in which it converted credit card tips to cash at the end of every shift for its servers, as opposed to including tips in wages paid to each server every two weeks as a part of standard payroll. (Collins Aff. [#82-1] at 2; Henderson Aff. [#82-2] at 3.) In doing so, Perry's deducted 3.25% from each server's tips as an offset to account for the fees various credit card companies impose, the extra cash deliveries required to pay its servers their tips nightly, and the additional managerial time required at the end of each shift to oversee payment. (Collins Aff.

---

[1] Plaintiffs allege that Perry's tipped employees spend more than 20% of their workweek on non-tipped tasks and therefore were not paid the required minimum wage. (Third Am. Compl. [#63] at 14.)

[#82-1] at 3; Henderson Aff. [#82-2] at 3.) Perry's also maintains that the 3.25% offset guarded against the possibility that a given credit card would be rejected and Perry would not receive full payment on the charge. (Collins Aff. [#82-1] at 3.)

This is not the first legal challenge to Perry's tip-fee policy filed by the Steele Law Group, Plaintiffs' attorneys. A group of Perry's employees first challenged the tip-fee policy in a federal lawsuit in the Houston Division of the Southern District of Texas before the Honorable Judge Lynn Hughes in August 2009, styled *Steele v. Leasing Enterprises, Ltd.*, 4:09-CV-2789 (S.D. Tex. 2009) ("the Houston Suit").[2] Judge Hughes conditionally certified two different national classes of employees, and the case ultimately proceeded to bench trial. Judge Hughes issued his Findings of Fact and Conclusions of Law on August 19, 2014, concluding that Perry's tip-fee policy improperly took more money from its servers than its combined expenses to deal in credit, but that its FLSA violtaions were not willful. (Findings of Fact, Conclusions of Law [#1-3] at 5.) Perry's discontinued its tip-fee policy as of October 12, 2014, after the Houston Court issued its final judgment. (Oct. 1, 2014 Memo to Employees [#82-4] at 2.)

Perry's appealed, and the Fifth Circuit affirmed. *Steele*, 826 F.3d at 246–48. In doing so, the Fifth Circuit rejected plaintiffs' contention that Perry's continued implementation of the tip-fee policy between the Houston Court's August 19, 2014 interlocutory order and its final judgment was evidence of a willful violation of the FLSA. *Id.*

One day after Judge Hughes issued his Findings of Fact and Conclusions of Law in the Houston Suit, the Steele Group filed a second collective action against Perry's in the Austin Division of the Western District of Texas before the Honorable Lee Yeakel, styled *Hoenninger v.*

---

[2] Plaintiffs attached court documents from the Houston case to their Original Complaint, and this Court may take judicial notice of court filings to establish the fact of litigation and related filings. *U.S. ex rel. Lam v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 673, 680 (W.D. Tex. 2006).

*Leasing Enterprises*, No. 1:14-cv-798-LY (W.D. Tex. 2014) ("the Austin Suit"). The Austin Suit was premised upon the same allegations challenging Perry's tip-fee policy as the Houston Suit. Judge Yeakel conditionally certified a nationwide class of tipped servers, and Plaintiffs filed a motion for partial summary judgment, arguing that Perry's violation was willful. Judge Yeakel denied the motion and held a bench trial on October 23, 2018. Judge Yeakel issued his Findings of Fact and Conclusions of Law on May 30, 2018, joining the Houston Court and the Fifth Circuit in holding that Perry's violation of the FLSA by maintaining its tip-fee policy did not become willful until the Houston court rendered final judgment, reasoning that "it is not unresaonable or intentionally reckless for an employer to wait for a final determination about an unsettled area of law before terminating its policy." (Findings of Fact, Conclusions of Law [#101-1].)

The Steele Law Group filed the instant lawsuit on November 22, 2016 while the Austin Suit remained pending. In this lawsuit, Plaintiffs again contend that Perry's violation of the tip-credit requirements in the FLSA was willful. Perry's has moved for partial summary judgment, arguing that the summary-judgment evidence establishes that Perry's did not willfully violate the FLSA as to its tip-fee policy and all claims challenging Perry's tip-fee policy should therefore be dismissed with prejudice as time barred. Accordingly, the motion before the Court only concerns Plaintiffs' claims with respect to the tip-fee policy, not the 20% rule allegations added in Plaintiffs' Third Amended Complaint.

## II. Legal Standard

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. Once the movant carries its burden, the burden shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

"After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Westphal*, 230 F.3d at 174. However, if the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied, regardless of the non-movant's response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

## III.  Analysis

Perry's is entitled to partial summary judgment on the issue of willfulness as to Plaintiffs' allegations that Perry's violated the "tip credit" requirements of Section 203(m) of the FLSA. The undisputed summary judgment record establishes that Perry's discontinued its challenged tip-fee policy in October 2014. (Pls.' Resp. [#96] at 1 n.1.)  The claims challenging Perry's tip-fee policy were not filed until November 22, 2016.  (Orig. Compl. [#1].)  The statute of limitations for a claim arising under the FLSA is two years, unless the employer acted willfully in violating the statute.  29 U.S.C. § 255(a).  In that case, an action may be commenced within three years after it accrued.  *Id.*  Because Plaintiffs' claims were filed beyond the two-year statute of limitations but within the three-year window, they only survive dismissal if Perry's acted willfully in violating the FLSA's "tip credit" requirements.

Plaintiffs bear the burden of proof on willfulness.  *See Mohammadi v. Nwabuisi*, 171 F. Supp. 3d 545, 550 (5th Cir. 2016).  An FLSA violation is willful if the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute," such as when an employer knows her pay structure violates the FLSA or ignores complaints brought to her attention  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *see also Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 553 & n.24 (5th Cir. 2009).  A finding of willfulness requires more than facts demonstrating an employer's negligence.  *Ikossi-Anastasiou*, 579 F.3d at 553 & n.24.

As previously noted, this is the third collective action filed by the Steele Law Group on behalf of current and former Perry's employees challenging Perry's policy of passing on the costs of dealing in credit to its tipped employees.  Both Judge Hughes and Judge Yeakel held that Perry's did not willfully violate the FLSA in implementing its tip-fee policy.  (Findings of Fact

[#1-3], Findings of Fact [#101-1].) The Fifth Circuit affirmed Judge Hughes's ruling. *Steele*, 826 F.3d at 246–48. All three of these courts rejected Plaintiffs' argument that Perry's decision to wait until the Houston Court issued its final judgment to discontinue its tip-fee policy was evidence of a willful violation of the FLSA. The Fifth Circuit explained that "an interlocutory order is not a final order" and "the nonfinality of the August 31, 2010 judgment is evident by the district court's recognition that . . . the court often changes its position in the final judgment." *See id.* at 248 (quotation and citations omitted). Accordingly, three previous courts addressing claims challenging Perry's tip-fee policy have concluded that Perry's did not act willfully in violating the FLSA, and that it was reasonable for Perry's to await final judgment to make a policy change.

Moreover, Plaintiffs' response to Perry's motion for summary judgment fails to offer evidence on willfulness that differs substantively from previous arguments made before the Houston and Austin Courts. Plaintiffs merely rehash the same arguments their Houston and Austin counterparts made before, while attempting to argue that this lawsuit is distinguishable because the relevant time period extends to October 2014, and during this later time period Perry's had a reason to know its conduct violated the FLSA. (Summ. J. Resp. [#94] at 6.) Yet almost all of the evidence identified by Plaintiffs concerns actions occuring during the pendency of the previous lawsuits that was already considered by the Houston and Austin Courts.

First, Plaintiffs direct the Court to the Amended Complaint filed in the Houston Suit on January 12, 2010, which contained allegations that Perry's 3.25% offset exceeded the charges it paid to credit companies to convert tips to cash. This theory of Perry's liabilty was before both the Houston and Austin Courts, and the plaintiffs in the Austin Suit attempted to make this same argument before Judge Yeakel. The undersigned agrees with Judge Yeakel that the contentions

7

contained in the complaint filed in the Houston Suit are merely allegations. Allegations contained in a lawsuit challenging a policy in an unsettled area of the law put an employer on notice that its actions might violate the law, not that its actions were in fact prohibited by statute so as to impute the requisite knowledge to the employer. As Judge Yeakel stated, "[i]f the argument advanced by Hoenninger were to win the day, an employer litigating an employment policy would willfully violate the FLSA from the moment a complaint is filed alleging an FLSA violation if the employer did not immediately suspend the challenged policy." (Findings of Fact [#101-1] at 8.) The undersigned declines to endorse Plaintiffs' argument and such a result.

Second, Plaintiffs contend that a Sixth Circuit opinion, *Myers v. Copper Cellar Corp.*, 192 F.3d 546 (6th Cir. 1999), and a 2006 Department of Labor Opinion Letter, Wage & Hour Division, U.S. Dep't of Labor Op. Letter (FLSA 2006-1, January 13, 2006), alerted Perry's to the fact that its tip-fee policy was illegal. The undersigned disagrees. Both *Myers* and the DOL Opinion Letter merely establish general principles with respect to tip-fee policies; the specific application of these principles to Perry's or other individual employers was not settled by these opinions. As the Fifth Circuit explained in *Steele* affirming Judge Hughes, "the Department of Labor has long interpreted its regulations to permit employers to deduct credit card issuer fees." *Steele*, 826 F.3d at 243. The *Myers* Court merely qualified that "*in the aggregate*, the amounts collected from [] employees, over a definable time period," must not exceed the employer's total expenditures associated with credit card tip collections. *Id.* (quoting *Myers*, 192 F.3d at 554 (emphasis in original)). The Fifth Circuit made clear that it did not view the Sixth Circuit's decision in *Myers* as a "clear and unambiguous holding that an employer can only offset credit tips by credit card issuer fees" and not other expenditures. *Id.* at 237 n.15.

8

The 2006 Opinion Letter followed *Myers* and addressed whether an employer "may take an average standard composite percentage deduction from its server's tips to cover the cost of liquidating charged tips." U.S. Dep't of Labor Op. Letter (FLSA 2006-1). In keeping with *Myers*, the Deparment of Labor explained that a percentage deduction was in fact permissible, so long as the amount deducted did not exceed the employer's total expenditures associated with credit card tip collections, while also holding that the policy of the employer requesting the opinion did in fact violate the FLSA *Id.* The undersigned agrees with Judge Yeakel that the 2006 Opinion Letter was not conclusive as to Perry's, because the tip-fee policy at issue in the letter concerned different parties, different facts, and a different offset percentage. (Findings of Fact [#101-1] at 7 n.6.) Accordingly, the fact that Perry's corporate representative was alerted to the Opinion Letter and the *Myers* opinion during his December 2012 deposition, as argued by Plaintiffs, does not carry the day on the question of Perry's willfulness.

Finally, the undersigned does not find that a Department of Labor investigation of Perry's in 2003 and 2004 with respect to other practices somehow imputed knowledge to Perry's of the illegality of its tip-fee policy. The summary-judgment record establishes that this investigation did not concern Perry's tip-fee policy but rather addressed Perry's handling of its tip-pool surplus and the cost of its name tags, pepper mills, vests, and aprons. (Collins Aff. [#82-1] at 3; Henderson Aff. [#82-2] at 3; Frazier Decl. [#96-3] at ¶ 3.) The undersigned joins the Houston Court in reasoning that "[b]ecause the Department of Labor's investigations of Perry's in 2004 and 2006 were not about credit fees, they do not show Perry's knew or recklessly disregarded the illegality of its 3.25% fee." (Findings of Fact [#1-3] at 7.)

The only new evidence presented to the Court with respect to the Department of Labor investigation is the declaration of Charles Frazier, the Department of Labor investigator assigned

9

to Perry's during this time period. (Frazier Decl. [#94-2].) Plaintiffs maintain that Frazier's declaration is evidence that Perry's was alerted during the investigation to the illegality of their tip-fee policy. Yet, the only statement Frazier makes in his declaration regarding the tip-fee policy is exceedingly vague and speculative. Frazier states that "[a]lthough I do not remember the details of my conversations with Perry's Steakhouse's ownership, management, and/or legal counsel during the 2003-2004 investigation, we probably discussed the credit card liquidation issue because it was such a rampant problem among Texas restaurants." (Frazier Decl. [#94-2] at ¶ 3.) Frazier's lack of memory of any *actual* conversation regading the tip-fee policy and speculation that he "probably" had such a conversation is not competent summary judgment evidence that proves Perry's had knowledge that its policy violated the FLSA.

In summary, Plaintiffs have not carried their burden to demonstrate Perry's willfully violated the FLSA such that the three-year statute of limitations applies to their tip-fee policy claims. Because Plaintiffs filed their lawsuit outside of the governing two-year statute of limitations, all of their claims with respect to the tip-fee policy must be dismissed with prejudice as time barred.

In light of this recommendation, the undersigned will not address Plaintiffs' other arguments with respect to Perry's good faith defense. These arguments do not concern the sole issue raised in Perry's motion for summary judgment—whether it willfully violated the FLSA so that the three-year statute of limitations applies to save Plaintiffs' claims. Rather, Plaintiffs' good-faith arguments concern the question of whether the Court should impose liquidated damages once liability has been established. Based on the undersigned's recommendation that all of Plaintiffs' claims concerning the tip-fee policy should be dismissed with prejudice, Plaintiffs' good-faith arguments regarding these claims are moot. Finally, the undersigned also

will dismiss as moot the parties' various evidentiary objections to the summary judgment evidence, as the undersigned did not rely on any of the challenged portions of the evidence in issuing this report and recommendation.

## IV.  Conclusion and Recommendation

Having considered Defendant's motion, the response and replies thereto, as well as the evidentiary record submitted to the Court, the undersigned recommends that Defendant's Motion for Partial Summary Judgment on the Issue of Willfulness [#82] be **GRANTED** and the FLSA claims filed by Plaintiffs as to Perry's tip-fee policy be **DISMISSED WITH PREJUDICE** as time barred.

**IT IS FURTHER ORDERED** that Defendant's Objection to Plaintiff's Summary Judgment Evidence (Frasier Declaration) [#99] and Plaintiff's Objections to Defendant's Summary Judgment Evidence (contained within their response to Defendant's motion) [#92] are **DISMISSED AS MOOT**.

## V.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not

consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 22nd day of August, 2018.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE