IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK SHAFFER, ET AL., | § § § | |
| *Plaintiffs,* | § § | SA-16-CV-01193-FB |
| vs. | § § | |
| PERRY'S RESTAURANTS, LTD., F/K/A LEASING ENTERPRISES, LTD.; | § § § § | |
| *Defendant.* | § § § § | |

# ORDER

Before the Court in the above-styled cause of action are Defendant's Motion to Compel Deposition Testimony [#107] and Defendant's Motion to Compel Responses to Requests for Production of Documents [#108]. This case was referred to the undersigned for all pretrial proceedings pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. In reviewing the motions, the Court has also considered Plaintiffs' Response in Opposition to Defendants' Motion to Compel Angela Bannworth's Deposition [#110]. The Court held a hearing on the motions on October 11, 2018, at which all parties were present as represented by counsel. After considering the motions and response, the record in this case, and the arguments of counsel at the hearing, the Court issued certain oral rulings, which it will now memorialize and supplement with this written Order.

In this collective action, Plaintiffs sue Defendant Perry's Restaurants, Ltd. f/k/a Leasing Enterprises, Ltd. ("Perry's) for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiffs are a class of current and former tipped servers employed by Perry's from November 22, 2013 to the present, who allege that Perry's violated the tip-credit

requirements of Section 203(m) of the FLSA. (Class Cert. Order [#49] at 17.) After certification, Plaintiffs amended their Complaint to add a new allegation that Perry's violated the 20% rule, alleging that Perry's tipped employees spend more than 20% of their workweek on non-tipped tasks and therefore were not paid the required minimum wage. (Third Am. Compl. [#63] at 14.) The Court thereafter certified a sub-class comprised all current and former nonexempt employees paid $2.13 an hour for performing dual jobs between September 8, 2014 and September 8, 2017. (Class Cert. Order [#77] at 7.)

Perry's moved to dismiss Plaintiffs' claims as to Perry's tip-fee policy for lack of evidence of any willful violation, resulting in the claims being time-barred under the two-year statute of limitations. The undersigned issued a report and recommendation on August 22, 2013, recommending that the motion be granted. The report and recommendation remains pending. Plaintiffs continue to prosecute their claims under the 20% rule.

Perry's motions to compel concern the deposition of Angela Bannworth, Plaintiffs' designated representative, and related requests for production. Perry's deposed Ms. Bannworth on August 20, 2018. Before conducting the deposition, Perry's served a request for production on Plaintiffs as to each Plaintiff named in the collective action concerning their 20% rule claims. Plaintiffs issued a global response to the requests that they had no responsive documents in their possession other than a "Point of Sale system" recording Plaintiff's clock-in times, a document already in Perry's possession. (Pls.' Resp. [#108-1] at 4–5.)

At Ms. Bannworth's deposition, it became clear that she was not aware of, and had never seen, the requests for production served on Plaintiffs. (Bannworth Dep. [#108-2] at 14:3–16; 17:5–8.) Perry's Motion to Compel Production of Documents [#108] therefore seeks to compel each named Plaintiff to review the document requests and respond individually to each request,

2

identifying and producing any responsive documents. At the Court's hearing on Perry's motions, Plaintiffs represented on the record that each Plaintiff will be instructed to produce anything in their possession and control that is responsive to Perry's document requests. Accordingly, the Court will grant this motion and order Plaintiffs to issue a supplemental response to Perry's requests on or before October 26, 2018.

By its Motion to Compel Deposition Testimony [#107], Perry's asks the Court to reopen the deposition of Ms. Bannworth and compel her to answer certain questions about what documents, if any, she reviewed in order to refresh her recollection in preparation for her deposition. During Ms. Bannworth's deposition, counsel for Perry's asked her repeatedly if she "look[ed] at any documents to help [her] remember things in connection with getting ready for th[e] deposition." (Bannworth Dep. [#107-1] at 19:21–23; *see also id.* at 20:9–10; 21:23–25; 23:1–3.) Each time Ms. Bannworth was presented with such a question during her deposition, Plaintiffs' counsel objected on grounds of attorney-client and work-product privileges and instructed Ms. Bannworth not to answer. (*Id.* at 19:24–20:2; 20:11–12; 22:1–3; 23:4–10.) Notably, the question was not who showed her the documents, just what documents, if any, were reviewed.

When a witness uses a writing to refresh her memory, Rule 612 of the Federal Rules of Evidence entitles the adverse party "to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony." Fed. R. Evid. 612(a), (b). This rule applies to materials used both while testifying and before testifying. *Id.* at 612(a). If the material is used before testifying, a court must also find that "justice requires" granting an opponent access to Rule 612's mechanisms. *Id.* at 612(a)(2). "If the producing party claims that the writing includes unrelated matter, the court

3

must examine the writing in camera, delete any unrelated portion, and order that the rest be delivered to the adverse party." *Id.* at 612(b). If a writing is not produced or delivered as ordered, the court may issue an appropriate order compelling production. *Id.* at 612(c). Rule 612 applies to writings used to refresh a witness's memory prior to a deposition. Fed. R. Evid. 30(c)(1). The purpose of Rule 612 is "to promote the search of credibility and memory." Fed. R. Evid. 612, advisory committee's notes.

Numerous courts and scholars have recognized the potential for conflict between various rules of privilege and Rule 612, but the Fifth Circuit has yet to articulate a framework for analyzing the intersection of Rule 612 and the attorney and work-product privileges. The district court opinions in this Circuit and across the country on privilege and Rule 612 are far from uniform as to the rule's application. Although the Advisory Committee to Rule 612 has stated that nothing in the Rule should be "construed as barring the assertion of a privilege" with respect to such writings, numerous federal courts have held that the attorney-client privilege does not automatically bar an opponent's access to such a writing. *See, e.g.*, *Fisher v. Halliburton*, Civ. A. Nos. 05–1731, 06–1971, 2009 WL 483890, at *1–2 (S.D. Tex. 2009) (declining to extend work-product privilege to identity of documents reviewed in preparation for deposition on grounds that "imbu[ing] every compilation of documents reviewed by a witness before testifying—at trial or at deposition—with work product privilege protection would all but write Rule 612 of the Federal Rules of Evidence out of existence"); *Woodward v. Avondale Indus., Inc.*, No. CIV.A. 99-2771, 2000 WL 385513, at *2–3 (E.D. La. Apr. 14, 2000) ("[P]laintiff waived any attorney-client privilege by relying extensively on the statement to prepare her EEOC affidavit.")

To the contrary, despite the language in the Advisory Committee Notes, some courts have even endorsed an automatic waiver approach, holding that any privilege or work-product protection against disclosure is deemed waived as to those portions reviewed. *See* Wright & Gold, Federal Practice & Procedure, Evidence § 6188 (2d ed.) (collecting cases). Whereas still others have held that the work-product privilege prevents a party from using Rule 612 to compel a witness to identify all documents shown to him or her by opposing counsel prior to a deposition. *Hanover Ins. Co. v. Plaquemines Parish Gov't*, 304 F.R.D. 494, 500 (E.D. La. 2015) ("[A]sking a witness to identify all the documents that he was shown by the corporate attorney prior to the deposition necessarily asks the witness to reveal the thoughts and opinions of the corporate attorney. Given that opinion work product enjoys a near absolute protection, the Court has no difficulty holding that the identity of the documents is protected.")

Regardless of the resolution of the privilege question, it is clear from the text of Rule 612 that the rule allows a writing to be disclosed to opposing counsel only if the writing actually refreshed the witness's memory and, in the case of documents reviewed *before* testifying, only after the Court makes a determination that "justice requires" the disclosure. Fed. R. Evid. 612. Yet the Court is not in the position to be able to evaluate either of these factors due to the instructions of Plaintiffs' counsel to Ms. Bannworth that she not answer Perry's preliminary questions regarding any documents reviewed. At this juncture, the Court does not know whether Ms. Bannworth consulted any documents prior to her deposition testimony and, if so, whether they influenced her testimony. It follows that the Court is unable to evaluate whether any such documents might raise questions of attorney-client or work-product privilege such that the Court is able to analyze issues of possible waiver. Nor can the Court determine whether "justice requires" disclosure of any portion of these documents.

The Court will therefore order the deposition of Ms. Bannworth to be reopened such that Perry's can ask Ms. Bannworth its questions regarding the documents she reviewed in preparation for her deposition, but the Court will order that these questions be propounded on Ms. Bannworth as a deposition by written questions. The Court is persuaded by the reasoning of the *Fisher* Court, cited *supra*, that merely identifying the documents, as opposed to disclosing their contents, as is done in a privilege log, does not in itself violate any attorney-client or work-product privilege that has attached to the reviewed documents. *Fisher*, 2009 WL 483890, at *1–2. But even this contested point can be avoided if counsel for Perry's refrains from asking whether the documents were shown to her by her attorney or his staff. That step will ensure that the witness can answer which materials she recalls reviewing that may have influenced her testimony, but avoids revealing what counsel for Plaintiff argues is work product, i.e., the list of materials he compiled for her to review.

After Ms. Bannworth has answered Perry's questions regarding the documents she reviewed in preparation for her deposition, the parties will be able to ascertain whether they are documents that have already been produced in discovery. If there are documents that have not yet been produced, the parties should confer as to whether they are responsive to pending discovery requests and whether supplemental production is required. To the extent that Plaintiffs maintain that the documents are privileged, the parties should confer regarding whether they must be produced pursuant to Rule 612. If no agreement can be reached, Perry's can file a motion with the Court compelling their production. Plaintiffs along with their response should submit the documents under seal to the Court to an enable an *in camera* inspection.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Deposition Testimony [#107] is **GRANTED IN PART** as follows: Perry's may serve Ms. Bannworth with

a deposition by written questions to ask Ms. Bannworth to identify which documents, if any, she reviewed in preparation for her deposition. Ms. Bannworth is ordered to respond to Perry's questions on or before **October 26, 2018**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Responses to Requests for Production of Documents [#108] is **GRANTED** as follows: Plaintiffs are instructed to produce anything in their possession and control that is responsive to Perry's document requests **on or before October 26, 2018**.

**IT IS FURTHER ORDERED** that in all other respects the Motions [#107, #108] are **DENIED.**

SIGNED this 22nd day of October, 2018.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE