IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK SHAFFER, ET AL., | § § § | |
| *Plaintiffs,* | § § | SA-16-CV-01193-FB |
| vs. | § § § | |
| PERRY'S RESTAURANTS, LTD., F/K/A LEASING ENTERPRISES, LTD.; | § § § § | |
| *Defendant.* | § § § § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiffs' Motion for Reconsideration [#124]. The record reflects that on April 24, 2019, the District Court issued a final judgment in this case in favor of Defendant and dismissed all of Plaintiffs' claims with prejudice [#123]. Plaintiffs thereafter filed the motion for reconsideration that is the subject of this report and recommendation. The District Court re-referred this case to the undersigned on May 21, 2019 for disposition of all post-judgment matters, including the motion for reconsideration [#129]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

By their motion, Plaintiffs ask the Court to reconsider two Orders: (1) the Court's February 12, 2019 Interlocutory Order Accepting the Report and Recommendation of the United States Magistrate Judge [#118], which granted Defendant's Motion for Partial Summary Judgment on the Issue of of Willfulness and dismissed with prejudice all of Plaintiffs' FLSA

1

claims as to Defendaat's tip-fee policy; and (2) the Court's April 24, 2019 Order Accepting Report and Recommendation of the United States Magistrate Judge [#122], which granted Defendant's Motion for Partial Summary Judgment and dismissed with prejudice Plaintiffs' remaining claims pertaining to the 20% rule. In reviewing the motion for reconsideration, the Court has also considered Defendant's response [#127] and Plaintiffs' reply [#128]. For the reasons set forth below, it is recommended that Plaintiffs' motion be **DENIED**.

### I. Analysis

Plaintiffs' motion for reconsideration should be denied. The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. Such motions are therefore generally analyzed under the standards for a motion to alter or amend a judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). A motion for reconsideration under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(b). Otherwise, the motion falls under Rule 60. Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time—and . . . no more than a year after the entry of the judgment or order or the date of the proceeding."). Because Plaintiffs timely filed their motion within 28 days of the District Court's final judgment, their motion is governed by Rule 59(e).

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Rule 59(e) reconsideration does not serve as a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.

2

1990)).  Nor can a Rule 59(e) motion be used to argue a case under a new legal theory.  *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).  Rather, a motion under Rule 59(e) must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Id.* (citing *Simon*, 891 F.2d at 1159).  In considering a motion for reconsideration, a court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).  While a district court has "considerable discretion" to grant or deny a motion under Rule 59(e), *see id.*, the Fifth Circuit cautions that reconsideration under Rule 59(e) is "an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

Plaintiffs argue that the Court erred in granting Defendant's two motions for summary judgment and dismissing Plaintiffs' tip-fee and 20% claims with prejudice.  In doing so, Plaintiffs do not direct the Court to any newly discovered evidence or intervening binding authority.  Nor have Plaintiffs "clearly establish[ed] either a manifest error of law or fact" in the undersigned's report and recommendations or the District Court's orders at issue. *See Ross*, 426 F.3d at 763.  Rather, Plaintiffs are simply making arguments that were in fact made or should have been made at an earlier juncture in this case.  Rule 59(e) motions are not to be used for this purpose. *Templet*, 367 F.3d at 479.

As to Plaintiffs' 20% claims, Plaintiffs argue that the Court should reverse its interpretation of the 20% rule and follow a recent opinion issued by a court in the Western District of Missouri. *See Cope v. Let's Eat Out, Inc.*, 354 F.Supp.3d 976 (W.D. Mo. 2019).  The Court should decline to entertain this argument.  This Missouri decision is not binding on this Court.  Moreover, as previously noted in the undersigned's April 3, 2019 report and recommendation [#120], Plaintiffs failed to file a response to Defendant's motion for summary

judgment as to their 20% claims. Nor did Plaintiffs file any objections to the report and recommendation in an attempt to save these claims before the District Court entered its final judgment. Plaintiffs are fully aware of their obligation to file such documents under this Court's Local Rules, the Federal Rules of Civil Procedure, and the United States Code, yet failed to do so. *See* Loc. R. CV-7(e); Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1). The arguments that were available to the prevailing plaintiffs in the *Cope* case were available to Plaintiffs at the time they decided not to file either a response in opposition to the motion or objections to the undersigned's report and recommendation. They just chose not to make them. The Court should decline to consider Plaintiffs' belated arguments now.

As to Plaintiffs' tip-fee policy claims, Plaintiffs contend that the evidence demonstrates that Defendant continued to enact its illegal tip-fee policy for two months after knowing it was illegal based on orders issued in related cases such that the Court should have found a genuine issue of material fact on Defendant's willfulness. The undersigned was not persuaded by this argument when it was advanced by Plaintiffs in response to Defendant's motion for summary judgment as to Plaintiffs' tip-fee policy claims, and the Court should not reconsider this argument now. *See* Report and Recommendation [#102] at 7 ("Plaintiffs merely rehash the same arguments their Houston and Austin counterparts made before, while attempting to argue that this lawsuit is distinguishable because the relevant time period extends to October 2014, and during this later time period Perry's had a reason to know its conduct violated the FLSA."). Because Plaintiffs have not directed the Court to any new evidence, binding authority, or manifest error of law or fact, the Court should decline to exercise the "extraordinary remedy" of reconsideration. *See Templet*, 367 F.3d at 479.

## II.  Conclusion and Recommendation

Having considered Plaintiffs' motion, the response and reply thereto, and the governing standard for motions for reconsideration, the undersigned recommends that Plaintiffs' Motion for Reconsideration [#124] be **DENIED**.

Because all matters for which the above-entitled and numbered case were referred to the Magistrate Judge have been considered and acted upon, it is hereby **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

## III.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds

of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 5th day of June, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE